Mr. Dan McCraw, Chair Garland County Election Commission P.O. Box 1559 Hot Springs, Arkansas 71902
Dear Mr. McCraw:
This opinion is being issued in response to your recent questions regarding certain election procedures. You have outlined certain procedures regarding which you would like to train poll workers for the next special elections, and have asked for a response from my office. I assume that you are requesting my opinion as to whether the outlined procedures are in compliance with the law.
The procedures that you have proposed and inquired about are as follows:
 (1) The election judges would be provided with two computer printouts of all voters eligible in their precincts.
 (2) One of the two printouts would be posted for the use of the general public.
 (3) The other would be "checked" or marked as each voter is qualified. In Garland County and in Pulaski County after January 1, the voters will sign the list.
 (4) No "appearance numbers" will be placed on the ballot stubs (due to the amendment to A.C.A. § 7-5-307
set forth in Act 461 of 1995).
 (5) After the "checked," signed computer list of eligible voters is filed with the county clerk, the clerk will produce a computerized list of everyone who voted at the election.
(6) At the end of the day, the "checked" list would be posted.
 (7) Shortly after the election, the computerized list that the county clerk generated would be filed with the ballot boxes and stub boxes, or physically placed inside the ballot boxes.
The question of whether the above-proposed election procedures are in compliance with the law depends upon whether the election to which they are applied is held before January 1, 1996, or after that date.
ELECTIONS HELD BEFORE JANUARY 1, 1996
It is my opinion that with the exception of one item, the above-proposed election procedures are in compliance with the law if applied to elections that are held before January 1, 1996. As explained more fully below, various of the election laws have been amended, effective January 1, 1996. (The amendment to which you referred in your correspondence,i.e., the removal of the requirement of an "appearance number," has already gone into effect.)
The one item that I find to be contrary to the law is the requirement that the county clerk generate a computerized list of persons who voted in the election. Although the clerk can be required to produce and provide, at the outset of the election, a computerized list of eligible voters (see A.C.A. § 7-5-109), the law imposes no requirement that the clerk generate a list after the ballots have been counted, reflecting those who actually voted. Because county clerks' responsibilities are created by state law, it is my opinion that the election commissions are not empowered to create an additional duty to be imposed upon them. County clerks, of course, may voluntarily choose to generate the proposed list; they simply cannot be required to do so.
ELECTIONS HELD AFTER JANUARY 1, 1996
Some of the procedures that you have proposed will be impacted byAct 946 of 1995, if applied to elections held after January 1, 1996. This act amended various election laws, and goes into effect on January 1, 1996. I therefore find it necessary to address the impacted procedures separately. (Those which I do not address separately are, in my opinion, still in compliance with the law.)
The Posting of the List of Registered Voters
The provisions of A.C.A. § 7-5-302, as amended by Act 946 of 1995, now require only the posting of two items: (1) At least two copies of instructions to voters, including instructions for fail-safe voting procedures; and (2) In general elections, at least two copies of all constitutional amendments and acts to be voted on. There will therefore be now no statutory requirement that the list of registered voters be posted.
The "Checking" or "Marking" of the Registered Voter List
Each voter (in all counties) will now be required to sign or to place his or her mark on the voter list, unless physically unable to do so (in which case the election official will, after verifying the voter's identification and registration, initial the list in place of the voter's signature or mark). See A.C.A. §§ 7-5-107 and -305. "Checking" or "marking off" the voters will no longer be an option.
Generation of a Computerized List of Those Who Voted
As pointed out previously, the law imposes no duty upon the county clerk to generate a computerized list of persons who voted. See discussion of this issue, supra.
The Posting of the "Checked" (or Signed) Voter List
The provisions of A.C.A. § 7-5-317, as amended by Act 946 of 1995, now require only the posting of one item after ballots have been counted: One copy of the certificate of election results. The voter list is no longer required to be posted, although it is required to be delivered, along with the other election forms and documents, to the county clerk. (With regard to posting, it should be noted that the amended language retained the word "immediately." Posting of the certificate of election results must still be done immediately.)
Filing of Computerized List With Ballot Boxes
As discussed previously, the county clerk, although not required to do so, may voluntarily choose to produce and provide a computerized list of persons who voted. It the clerk does so, that list, after having been provided to the election officials, must be filed with the county clerk, who is required to preserve it in accordance with the provisions of A.C.A. §§ 7-7-310 and -311.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh